JUSTICE RICE,
concurring in part and dissenting in part.
¶30 I concur with the result under Issue 1 under a different rationale and with most of Issue 2. I dissent from the Court’s reversal of the alcohol condition, Condition 12, under Issue 2.
¶31 Jones’ challenge to the tape recording of her telephone conversation with informant Brown is an issue this Court has previously decided contrary to her position. In the cases the Court cites in ¶ 11, we held that telephone conversations of the kind challenged here are not subject to a warrant requirement. These holdings were consistent with the deliberations of the delegates to the 1972 Constitutional Convention regarding the right to privacy, as explained by Delegate Dahood:
First of all, this does not in any way relate to the obscene phone call situation, nor does it relate to the ability of the telephone company to make the traces. The logic and the reason is this: all personal rights, constitutional or otherwise, maybe waived. Lady A is receiving the obscene phone call. She waives her right and grants the telephone company the right to intercept that communication. The individual that’s making the call does not have the right to privacy with respect to violating the law and making the obscene phone calls, so as a consequence, we are not interfering with anyone’s rights by having the telephone company attempt to intercept and discover and determine who the caller is; we are protecting the right to privacy. So as a consequence, may I say that that objection would not be one that we would have to worry about under the law ....
Montana Constitutional Convention, Verbatim Transcript, March 7, 1972, p. 1686. Based upon the specific statements of the constitutional convention delegates and the holdings of our cases, I would affirm Issue 1.
¶32 Under Issue 2, I would affirm all of the challenged Conditions, including Condition 12, the alcohol condition. Jones was convicted in this proceeding of a crime related to substance abuse-the criminal distribution of dangerous drugs. She is an illegal drug user herself, and the evidence demonstrates that she has maintained relationships with drug users and dealers, including Brown and Butler. In my view, a sufficient nexus is presented by the record to justify imposition of the alcohol condition -under our cases.
JUSTICE WARNER joins the concurring and dissenting Opinion of JUSTICE RICE.